NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEERE & COMPANY,**
*Plaintiff-Appellant*

**v.**

**AGCO CORP., PRECISION PLANTING, LLC,**
*Defendants-Appellees*

---

2023-1811

---

Appeal from the United States District Court for the District of Delaware in Nos. 1:18-cv-00827-CFC-JLH, 1:18-cv-00828-CFC-JLH, Chief Judge Colm F. Connolly.

---

Decided: January 24, 2025

---

JOHN C. O'QUINN, Kirkland & Ellis LLP, Washington, DC, argued for plaintiff-appellant. Also represented by WILLIAM H. BURGESS; NATHAN S. MAMMEN, Snell & Wilmer, LLP, Washington, DC.

MICHAEL JENNINGS SUMMERSGILL, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, argued for defendants-appellees. Also represented by JORDAN LAWRENCE HIRSCH, RICHARD WELLS O'NEILL; HEATH BROOKS, Washington, DC.

---

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PROST, *Circuit Judge*.

Deere & Co. ("Deere") sued AGCO Corp. and Precision Planting, LLC (collectively, "AGCO") for infringement of U.S. Patent Nos. 8,813,663 ("the '663 patent") and 9,699,955 ("the '955 patent"). At trial, the jury found that AGCO did not infringe Deere's patents. The district court denied Deere's post-trial motion for judgment as a matter of law ("JMOL") on infringement and a new trial on infringement. *Deere & Co. v. AGCO Corp.*, 659 F. Supp. 3d 418 (D. Del. 2023) ("*Post-Trial Opinion*"). Deere appeals, and we affirm.

## BACKGROUND

### I

Deere's patents relate to high-speed agricultural planting technology and methods for planting seeds. Claim 1 of the '663 patent is illustrative and recites:

> A seeding machine, comprising:
>
> a seed meter having a metering disk with a plurality of apertures in a circular array adapted to adhere seeds to the metering disk to move the seeds along a seed path as the metering disk rotates;
>
> a *seed delivery system* associated with said seed meter, said *seed delivery system* including:
>
>> a housing for seed from said metering disk, the housing having a lower opening through which seed is discharged;
>>
>> a single endless member within said housing disposed around a first drive pulley and a second idler pulley, said endless member engaging seed from the seed meter and

> moving the seed to said lower opening where seed is discharged from said housing; and
>
> a loading wheel engaging seeds adhered to the metering disk and moving along the seed path and guiding the seed into the single endless member whereby the single endless member moves the seed to the lower opening.

’663 patent claim 1 (emphasis added).

The ’955 patent is part of the same patent family as the ’663 patent. Claim 20 of the ’955 patent, which depends from claims 16 and 19, claims a “method of delivering a seed.”

## II

Deere sued AGCO for infringement of the ’633 and ’955 patents, as well as other patents not at issue on appeal. The accused products relevant to this appeal are AGCO’s SpeedTube and vSet2 products and AGCO planters that contain the SpeedTube and vSet2 (collectively, “the accused products”). At the claim-construction hearing, the district court construed the seed-delivery-system terms[1] “to include capturing of the seed and the delivery [to] discharge.” J.A. 38152 (152:10–11). The district court also rejected AGCO’s disclaimer argument and declined to “further instruct the jury that Deere has disclaimed systems with [a] gravity drop.” J.A. 38150 (150:13–17); J.A. 38166 (166:2–5). At the conclusion of the hearing, the district court ordered Deere to draft a “proposed order on the terms

[1] For simplicity’s sake, “seed-delivery-system terms” refer to the “seed delivery system” and “method of delivering a seed” limitations in claim 1 of the ’663 patent and claim 20 of the ’955 patent.

[the district court] ha[d] construed." J.A. 38215 (215:6–8). The order Deere prepared, and that the district court subsequently signed and entered, stated in bold that the seed-delivery-system terms mean "**apparatus / system / method that removes seed from the seed meter by capturing the seed and then delivers it to a discharge position**." J.A. 125 (emphasis in original). In the next line and notably not bolded, the order stated, "No disclaimer of a seed delivery apparatus / system / method that allows for seeds to drop by gravity between the seed meter and discharge." J.A. 125.

The case went to trial, and the jury returned a verdict that AGCO did not infringe claim 1 of the ’663 patent or claim 20 of the ’955 patent. Because the jury found that AGCO did not infringe the asserted claims, the final jury instructions and verdict form instructed the jury to not return a verdict on the validity of the asserted claims.

After trial, Deere moved for JMOL on infringement, or, at the very least, a new trial on infringement. The district court deemed Deere's JMOL on infringement forfeited,[2] but it also denied the motion on the merits and denied Deere's motion for a new trial. *Post-Trial Opinion*, 659 F. Supp. 3d at 439–51.[3] The district court then entered final judgment. J.A. 1.

---

[2] While the district court used the word "waived" in its opinion, *see, e.g.*, *Post-Trial Opinion*, 659 F. Supp. 3d at 439–40, we understand it to have been referring to the doctrine of forfeiture. *See In re Google Tech. Holdings LLC*, 980 F.3d 858, 862 (Fed. Cir. 2020). We will use "forfeiture" or "forfeited" instead of "waiver" or "waived" in this opinion.

[3] The district court also resolved Deere's other post-trial motions not relevant to this appeal. *See Post-Trial Opinion*, 659 F. Supp. 3d at 450–51.

Deere timely appealed the district court's denial of its motions for a new trial and JMOL on infringement. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's procedural rulings under the regional circuit's law. *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1367 (Fed. Cir. 2021). Here, under Third Circuit law, we review the denial of the motion for a new trial for abuse of discretion. *Pac. Biosciences of Cal., Inc. v. Oxford Nanopore Techs., Inc.*, 996 F.3d 1342, 1352 (Fed. Cir. 2021); *see also Jester v. Hutt*, 937 F.3d 233, 238 (3d Cir. 2019). "Under Third Circuit law, a district court should grant a new trial only if the jury's verdict is against the great weight of evidence and either is a miscarriage of justice or cries out to be overturned." *Vectura Ltd. v. GlaxoSmithKline LLC*, 981 F.3d 1030, 1035 (Fed. Cir. 2020) (citing *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386 (3d Cir. 2016)). The Third Circuit reviews a district court's denial of a motion for JMOL de novo. *Pac. Biosciences*, 996 F.3d at 1349–50; *see also Pitts v. Delaware*, 646 F.3d 151, 155 (3d Cir. 2011).

Deere raises two main issues on appeal. First, Deere argues that the district court erred in denying its motion for a new trial on infringement. Second, Deere argues that the district court improperly denied its JMOL on infringement. We address each issue in turn.

### I

We begin with Deere's challenge to the district court's denial of its motion for a new trial on infringement. Deere offers three main arguments: (1) that the noninfringement verdict is against the weight of the evidence; (2) that the district court's exclusion of AGCO's U.S. Patent No. 8,985,037 ("the '037 patent") was prejudicial error; and (3) that the district court's mid-trial claim construction

rulings were erroneous. None of these arguments are persuasive.

### A

With respect to the first argument, although Deere argues that the noninfringement verdict is against the weight of the evidence, the district court did not abuse its discretion in concluding otherwise.

AGCO presented ample evidence that the accused products remove the seeds *not* by capturing them (as the asserted claims require), but rather, by projecting and accelerating them. For example, AGCO's expert testified about the removal of seeds from the accused products, including showing the jury a slowed-down version of the accused products in operation. *See, e.g.*, J.A. 40994–96 (994:16–996:7); J.A. 50120 (testing video). AGCO's expert testified that "the seeds are removed by projecting and accelerating. They're not removed by being captured." J.A. 40995–96 (995:25–996:1); *see also* J.A. 40995 (995:16–18) ("You'll see that one [feeder wheel] contacts, and then the next [feeder wheel] contacts. And then they are projected through initially into an open area right below the feeder wheels."). AGCO's expert also testified that, during removal of the seeds, a seed's speed increases from "1 mile per hour up to 9 miles per hour," J.A. 41000 (1000:3), and the entire acceleration and projection of the seed takes between 0.003 and 0.006 seconds, J.A. 40996 (996:11–16).

AGCO's lead SpeedTube engineer, Ian Radtke, also testified that the seeds are removed by projecting and accelerating them toward the flighted belt. In addition to giving a live demonstration on how the SpeedTube and vSet2 operates, J.A. 40872–73 (872:17–873:25), Mr. Radtke testified that the seeds are accelerated toward the flighted belt to prevent damaging the seeds:

> Q. Why did you want to accelerate seeds into the belt?

> A. The -- so to -- to describe the situation, the seed meter, the vacuum seed meter disk is turning quite slowly relative to the speed of the belt. And so with that wide disparity in speed, because that seed's approaching very slowly, that first initial contact with the belt can be quite violent and erratic. And we learned that if you accelerate the speed prior to that first contact, that's a much more effective way to get the seeds into the belt.

J.A. 40856–57 (856:22–857:5).

On this record, we see no abuse of discretion in the district court's conclusion that the jury's noninfringement verdict was not against the great weight of the evidence.[4]

B

With respect to the second argument, Deere argues that the district court's exclusion of AGCO's '037 patent was prejudicial error and warrants a new trial. During the trial, on cross-examination, Deere sought to establish that the '037 patent covers the design for the feeder wheels in AGCO's SpeedTube and thus proves infringement by showing that the accused products capture the seeds. J.A. 40897–902 (897:19–902:13). The district court did not allow Deere to rely on the '037 patent stating:

> I'm not going to allow you to pursue this line of questioning. The sentence in question [from

[4] Deere also argues that "the district court never considered whether the verdict was against the weight of the evidence." Appellant's Br. 45. We disagree. The district court's 65-page decision recited the correct standard of review, summarized the relevant record evidence, and provided a thorough and comprehensive analysis supporting its conclusions. *See generally Post-Trial Opinion.*

> AGCO's interrogatory response] cited by Deere says, quote, "Precision Planting obtained patents showing the novel idea for the feeder wheels," unquote.
>
> That's not the same thing as the feeder wheels that are actually used in the accused products, and I'm not going to allow under [Federal] Rule [of Evidence] 403, us to get into a mini trial [about whether] [t]his patent not asserted in this case covers the accused products and uses language that it would be fair to conclude addresses the exact same issues in and language used in the asserted patents.

*Post-Trial Opinion*, 659 F. Supp. 3d at 449 (citation omitted).

We review the district court's exclusion of the '037 patent for abuse of discretion. *See Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 211 (3d Cir. 2009). Under Federal Rule of Evidence 403, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, the district court carefully weighed the probative value of the '037 patent against countervailing considerations, such as the possible need for a "mini trial" to determine whether the feeder wheels described in the '037 patent are the same as the feeder wheels in the accused products. We conclude that the district court did not abuse its discretion when it excluded the '037 patent under Federal Rule of Evidence 403.

C

With respect to the third argument, Deere argues that the district court made several claim-construction-related errors mid-trial warranting a new trial.

One of those purported claim-construction-related errors was the district court's removal of the "no disclaimer" language in its construction of the seed-delivery-system terms mid-trial.[5] We must first provide some additional background as to how this issue arose. At claim construction, the district court construed the seed delivery system terms to mean "apparatus / system / method that removes seed from the seed meter by capturing the seed and then delivers it to a discharge position." J.A. 125 (emphasis omitted). The district court also rejected AGCO's argument that Deere disclaimed any claim scope that would allow a seed to drop by gravity. J.A. 38166 (166:2–3).

At trial, before opening arguments, AGCO objected to Deere's slide including the "no disclaimer" language. J.A. 40024–26 (24:17–26:20). The district court ultimately allowed Deere to show the disputed slide to the jury. J.A. 40031–32 (31:2–32:21). Later during the trial, the district court ruled that, to prevent jury confusion, Deere could not "put in front of the jury again that I have construed the claim to say no disclaimer." J.A. 41030–32 (1030:10–1032:9). The district court also stated that Deere could argue to the jury that the district court's claim construction does not preclude a gravity drop or free fall of the seed. J.A. 41031 (1031:1–9).[6] When the parties discussed the final

---

[5] The "no disclaimer" language refers to the following language: "No disclaimer of a seed delivery apparatus / system / method that allows for seeds to drop by gravity between the seed meter and discharge." J.A. 125.

[6] Deere made this exact argument at closing argument. J.A. 41204 (1204:12–13) ("And, indeed, the [c]ourt

jury instructions with the district court, the court ruled that the "no disclaimer" language would not be included in the final jury instructions. J.A. 41140 (1140:13–18). The final jury instructions read to the jury construed "seed delivery system" to mean "system that removes seed from the seed meter by capturing the seed and then delivers it to a discharge position" and "method of delivering a seed" to mean "method that removes seed from the seed meter by capturing the seed and then delivers it to a discharge position." *Post-Trial Opinion*, 659 F. Supp. 3d at 435.

With this background, we turn to the merits of Deere's arguments. We disagree with Deere that the district court modified its construction of the seed-delivery-system terms mid-trial. The district court's construction of the seed-delivery-system terms at claim construction was the same construction read to the jury. *Compare* J.A. 125, *with Post-Trial Opinion*, 659 F. Supp. 3d at 435. The "no disclaimer" language was not part of the district court's construction of the seed-delivery-system terms. This language merely indicated that the district court rejected AGCO's disclaimer argument. That Deere displayed the slide with the "no disclaimer" language during opening argument does not change our analysis. The demonstrative was not a manifestation of the district court's construction of the seed-delivery-system terms. Rather, the demonstrative reflected an argument Deere was permitted to make—that the asserted claims do not preclude a free fall or gravity drop of the seed. J.A. 40031 (31:2–17). And Deere made this exact argument at closing argument—i.e., that the district court's construction of the seed delivery system terms "do[] not exclude gravity drop." J.A. 41204 (1204:13).

Deere next argues that AGCO improperly relitigated the claim scope of the seed-delivery-system terms during

---

has made clear that the claim permits -- does not exclude gravity drop.").

trial by arguing that capture required the seeds to be controlled at all times without any gravity drop or free fall. During oral argument, Deere identified several instances when AGCO purportedly argued that the accused products do not infringe because there is a period of time when the seeds are in free fall. *See, e.g.*, Oral Arg. at 3:00–4:14 (citing J.A. 40191, 40194, 40874, 41001, 41225).[7] But AGCO did not argue that the accused products do not infringe *because* the seeds are in free fall. AGCO argued that a seed in free fall is evidence that the accused products do not capture the seeds. *See, e.g.*, J.A. 41001 (1001:2–6) ("Q. And what understanding of 'capture' did you apply in analyzing whether SpeedTube removes the seed from the seed meter by capturing it? A. I was defining 'capture' to be controlling all of the aspects of the motion of the seed."). AGCO's arguments were consistent with the district court's claim construction of the seed-delivery-system terms.

Deere also argues that the district court should have construed "capture." Deere never requested a construction of "capture" before the case was submitted to the jury. The crux of the dispute is whether the accused products capture the seeds—a question for the jury to resolve. In fact, Deere concedes this point when arguing that its JMOL on infringement was preserved. Deere stated:

> The entire course of trial—*and* most of pretrial, including claim construction, summary judgment, and [AGCO]'s motion to reconsider claim construction—focused heavily on whether [AGCO]'s SpeedTube met the construction of "seed delivery system" by removing seeds from the seed meter by "capture." That was not just the "central" issue; it was the *only* issue.

---

[7] No. 23-1811, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1811_01062025.mp3.

Appellant's Br. 74–75 (emphasis in original).

We have considered Deere's remaining claim-construction arguments and find them unpersuasive. For these reasons, we affirm the district court's denial of Deere's motion for a new trial on infringement.

## II

We next turn to Deere's challenge to the district court's denial of Deere's motion for JMOL on infringement. The district court concluded that Deere forfeited its right to seek JMOL on infringement and also denied Deere's motion on its merits. *Post-Trial Opinion*, 659 F. Supp. 3d at 439–41.

Under Rule 50(b), "a party must have first moved for JMOL under Rule 50(a) at the close of all the evidence in order to preserve the right to renew that same JMOL motion after the jury returns its verdict." *Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1347 (Fed. Cir. 2010); *see also Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 220 (3d Cir. 2021) ("[A] post-trial Rule 50 motion can only be made on grounds specifically advanced in a motion for a directed verdict at the end of plaintiff's case." (cleaned up)). The district court concluded that "Deere failed to make a Rule 50(a) JMOL of infringement motion and therefore has [forfeited] its right to seek JMOL of infringement under Rule 50(b)." *Post-Trial Opinion*, 659 F. Supp. 3d at 439–40.

Tellingly, Deere does not cite to any instance where it moved for JMOL on infringement before the close of evidence. Instead, Deere cites to *AGCO's* Rule 50(a) JMOL on noninfringement and the district court's denial of such motion as evidence that Deere's JMOL on infringement was preserved. Deere's arguments are unpersuasive. On this record, Deere cannot rely on AGCO's Rule 50(a) JMOL on noninfringement or the district court's denial of such motion to satisfy Rule 50(a). *See Comaper*, 596 F. 3d at 1347 (concluding party did not meet "the letter and spirit of"

Rule 50(a) "when it failed to actually take the step of moving for JMOL" and instead argued against the opposing party's Rule 50(a) motion). The district court thus correctly concluded that Deere failed to move for JMOL on infringement under Rule 50(a) before the close of evidence. Given this determination, we need not address the merits of the district court's denial of Deere's JMOL on infringement. We thus affirm the district court's denial of JMOL on infringement.

## CONCLUSION

We have considered Deere's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the district court's order denying Deere its requested post-trial relief.

**AFFIRMED**